**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. _____

In re Application of:

The REPUBLIC OF ECUADOR and DR. DIEGO GARCÍA CARRIÓN, the Attorney General Of The Republic of Ecuador,

                Applicants,

For the Issuance of a Subpoena Under 28 U.S.C. § 1782(a) for the Taking of a Deposition of and the Production of Documents by BJORN BJORKMAN for Use in a Foreign Proceeding,

                Respondent.

---

**APPLICATION OF THE REPUBLIC OF ECUADOR AND DR. DIEGO GARCÍA CARRIÓN, THE ATTORNEY GENERAL OF THE REPUBLIC OF ECUADOR, FOR THE ISSUANCE OF A SUBPOENA UNDER 28 U.S.C. § 1782(A) TO BJORN BJORKMAN FOR THE TAKING OF A DEPOSITION AND THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING**

---

The Republic of Ecuador and Dr. Diego García Carrión, the Procurador (Civil Attorney General) of the Republic of Ecuador, (collectively the "Republic") hereby submit an Application ("Application") to this Court for an Order, under 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, granting the Republic leave to serve the subpoena attached hereto as Exhibit 1 (the "Subpoena") upon Bjorn Borkman, who upon information and belief, is a resident of Fort Collins, Colorado, for the taking of a deposition and the production of documents for use in a foreign proceeding.

## I. Background

This Application is based on the Application, the concurrently filed Memorandum in Support ("Mem. in Supp."), the Declaration of Lauren M. Butcher, and on such other and further evidence and authority that may be considered by the Court. As explained herein and in the accompanying Memorandum in Support, the Republic seeks this evidence for use in a certain foreign proceeding, *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23, a Bilateral Investment Treaty ("BIT") arbitration (the "Treaty Arbitration") under the rules of the U.N. Commission on International Trade Law ("UNCITRAL"). Chevron Corporation ("Chevron Corp.") and Texaco Petroleum Corporation ("TexPet," and collectively "Chevron") brought the Treaty Arbitration alleging that an environmental litigation in Lago Agrio, Ecuador is unfair. *See* Mem. in Supp. at 11-15. The environmental litigation presently pursued in Ecuador was originally filed in 1993 in the U.S. District Court for the Southern District of New York ("S.D.N.Y.") by a group of indigenous citizens from Ecuador alleging that Texaco, Inc. and its affiliate, Texaco Petroleum Corporation, bore legal liability for having polluted their land and caused environmental injury while operating oil wells in the Amazon from 1964 to 1992. *Id.* at 5-8. The S.D.N.Y. action was eventually dismissed on the motion of the Texaco defendants (and conditional on their

submission to the courts of Ecuador) on *forum non conveniens* grounds, and almost immediately re-filed in Lago Agrio, Ecuador by the plaintiffs. *Id*. For almost eight years, the private parties engaged in environmental proceedings in Lago Agrio that included scores of judicial site inspections, expert analyses, thousands of laboratory results, and a record in excess of 200,000 pages. *Id.* On February 14, 2011, the Lago Agrio court entered a judgment against Chevron of approximately $18 billion. Both sides have appealed that judgment.

Prior to the *Lago Agrio* judgment, but facing the prospect of an adverse decision, Chevron brought the Treaty Arbitration in an effort either to shut down the environmental case altogether or otherwise to obtain findings that it might use in defense of a possible (and hypothetical) enforcement action. In the Treaty Arbitration, Chevron has argued that it should not be held liable for any environmental damage in Ecuador and any such finding of liability must be the result of bias and corruption in the Ecuadorian judiciary. The Republic has contested the Treaty arbitration tribunal's jurisdiction, but if the tribunal finds it has jurisdiction, the Republic will be forced to re-litigate the merits of the underlying environmental action. In essence, to counter Chevron's arguments, the Republic must show that the Lago Agrio decision was based on sound scientific evidence and either was not the result of corruption and bias or would have been the same despite any such corruption or bias.

This Application seeks discovery from Bjorn Bjorkman to aid the Republic in defending the validity of the *Lago Agrio* judgment. Mr. Bjorkman is an environmental consultant who specializes in "risk assessment and ecology, with a focus on the oil industry."[1] He served as an expert nominated by Chevron in the *Lago Agrio* litigation, conducting soil samples for the

---

[1] Ex. 49, Bjorn Bjorkman and Claudia Sanchez de Lozada, *Response to Mr. Cabrera's Affirmations Regarding Alleged Ecosystem Impacts* (Sept. 9, 2008) at § 1.1. "Ex. __" refers to exhibits to the Declaration of Lauren M. Butcher filed concurrently herewith.

litigation and opining on the Plaintiffs' request for funds needed to restore their ecosystem.[2] In its February 14, 2011 decision, the *Lago Agrio* court explicitly relied on soil samples taken by Mr. Bjorkman,[3] Mr. Bjorkman's expert opinion on TexPet's waste treatment procedures and techniques,[4] and Mr. Bjorkman's expert opinion on worldwide industry practice.[5] Moreover, Chevron cites Mr. Bjorkman's reports in its Merits submission to the Treaty Tribunal for topics such as the scope of TexPet's operations in Ecuador[6] and the impact of TexPet's involvement in road building and settlement of the region.[7]

## II.  The Application Satisfies The Statutory Requirements

This Application satisfies the statutory requirements of Section 1782, which have already been applied in this District to a prior Section 1782 application filed by Chevron Corp. to take discovery for use in the same Treaty Arbitration. Ex. 53, Tr. of Hr'g on Pet. for Subpoenas, *Chevron Corp. v. Stratus Consulting, Inc.*, 10-cv-00047-JLK (D. Colo. March 4, 2010) (Dkt. 22) at 5:13-18 (granting Chevron Corp.'s Section 1782 application). The Republic is a party in the Treaty Arbitration and therefore is an "interested person" under Section 1782. Mem. in Supp. at 21. The information sought is for "use in" the Treaty Arbitration, a recognized foreign

---

[2] *See* Ex. 48, Bjorn Bjorkman, et al., *Response to Mr. Cabrera's Declarations about Alleged Harm to Indigenous Communities in the Petroecuador-Texaco Concession Area* (Sept. 9, 2008); Ex. 49, Bjorn Bjorkman and Claudia Sanchez de Lozada, *Response To Mr. Cabrera's Affirmations Regarding Alleged Ecosystem Impacts* (Sept. 9, 2008).

[3] *See* Ex. 40, Letter from Randy M. Mastro to Judge Lewis A. Kaplan (Feb. 24, 2011), transmitting certified copy of Judgment in *Maria Aguinda y Otros v. Chevron Corp.* No. 002-2003, Provincial Court of Sucumbrio (Feb. 14, 2011), submitted in *Chevron Corp. v. Donziger, et al.*, No. 11-CV-0691 (LAK) ("*Lago Agrio* Judgment") at 107-08 (referencing soil samples taken by Bjorkman at Sacha Norte 2 and Sacha 13 that showed presence of benzene in amounts of "an alarming 18 and 17 mg/kg."), 159 (citing Mr. Bjorkman for proposition that: "In the decades of Texaco's operation, the common practice all over the world was the treatment of waters in decanting pits and the discharge of the water into the environment.).

[4] *Id.* at 158.

[5] *Id.* at 159.

[6] Ex. 52, Claimants' Memorial on the Merits, *Chevron Corp. and Texaco Petroleum Co. v. The Republic of Ecuador*, PCA Case No. 2009-23 (Sept. 6, 2010), ¶ 46.

[7] *Id.* ¶¶ 47-50

proceeding within the meaning of the statute. *Id.* at 20-21. Mr. Bjorkman is "found" within this district. *Id.* at 20. All of the statutory requirements of 28 U.S.C. § 1782 are therefore met. Additionally, all of the discretionary factors outlined by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, favor granting the Republic's request. 542 U.S. 241, 264-65 (2004); Mem. in Supp. at 24-25.

**III.    Request For Relief**

The Republic therefore respectfully requests that this Court issue an order permitting the Republic to serve the attached subpoena pursuant to 28 U.S.C. § 1782.

Dated: June 6, 2011

Respectfully Submitted,

/s/ Eric W. Bloom
Eric W. Bloom
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
Phone:  (202) 282-5000
Fax:     (202) 282-5100
E-mail:  ebloom@winston.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 6, 2011 the foregoing was served by Federal Express on:

    Bjorn A. Bjorkman
    1513 E Pitkin St
    Fort Collins, CO 80524
    *Respondent*

    /s/ Eric W. Bloom
    Eric W. Bloom