IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCIA CARRION, Dr., the Attorney General of the Republic of Ecuador,

      Petitioners,

v.

BJORN BJORKMAN,

      Respondent.

CHEVRON CORPORATION,

      Interested Party.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Application of the Republic of Ecuador and Dr. Diego Garcia Carrion, the Attorney General of the Republic of Ecuador, for the Issuance of a Subpoena Under 28 U.S.C. § 1782(a) to Bjorn Bjorkman for the Taking of a Deposition and the Production of Documents for Use in a Foreign Proceeding [filed June 6, 2011; docket #1]. The petition is referred to this Court for disposition. (Docket #6.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** the petition.

### Background

The request before the Court stems from decades of litigation concerning Texaco Petroleum ("TexPet") Corporation's conduct in Ecuador and its residual environmental and health-related effects on certain land and people within Ecuador. The dispute's history is extensive and need not

be recited in this order.  The Court notes that a small part transpired directly before it over the past year and a half, in two other Section 1782 proceedings.  In short, the Republic of Ecuador ("Republic") seeks certain discovery from Bjorn Bjorkman, an environmental expert who authored reports for Chevron, for use in a bilateral investment treaty arbitration before the United Nations Commission on International Trade Law ("UNCITRAL") arbitral body.  Chevron Corporation, having merged with Texaco and as Interested Party to this proceeding, and Mr. Bjorkman oppose this request on the basis that the tribunal itself can order the requested discovery, and this Court should not interfere in the tribunal's set process.  The Court disagrees and finds that the statutory and discretionary factors arising from 28 U.S.C. § 1782(a) weigh in favor of issuing the subpoena.

### Discussion

The objective of 28 U.S.C. § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004).  28 U.S.C. § 1782 prescribes as follows:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a

document or other thing in violation of any legally applicable privilege.

These statutory requirements are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Perez Pallares*, No. 10-cv-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)).

Whether to permit the requested discovery remains within the discretion of the Court, even if all of the statutory requirements are met. *Intel Corp.*, 542 U.S. at 260.  Discovery rules in foreign tribunals bear no impact on the provision of assistance under Section 1782, and of course, "the foreign tribunal can place conditions on its acceptance of the information to maintain whatever measure of parity it concludes is appropriate." *Intel Corp.*, 542 U.S. at 260-62.  The Supreme Court enumerated factors for a court to consider when deciding whether to permit discovery pursuant to Section 1782: (1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal; (2) the nature and character of the foreign proceedings; (3) the receptivity of the foreign tribunal to such judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; and (5) whether the request is unduly intrusive or burdensome. *In re Application of Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-PAC (MEH), 2007 WL 2221438, at *3 (D. Colo. July 27, 2007) (citing *Intel Corp.*, 542 U.S. at 264-65).

The parties appear to agree that the statutory factors are met here, and the Court more explicitly finds that Section 1782(a)'s requirements are satisfied.  Mr. Bjorkman is a resident of Fort Collins, Colorado, which is in this District; the discovery sought would be used before the treaty

arbitration pending at the UNCITRAL tribunal;[1] and the application is made by the Republic of Ecuador, which is clearly an interested person as a party to the UNCITRAL proceeding. As explained below, the Court determines that the discretionary considerations also weigh in favor of permitting the discovery.

Regarding the first factor, Mr. Bjorkman is not a participant in the foreign proceeding, nor is there any indication that he would be subject to the jurisdiction of the UNCITRAL arbitration. The arbitral evidentiary rules cited by Chevron are therefore not persuasive to the Court, as the rules on their face indicate that the tribunal "may require *the parties* to produce documents . . . ." (Docket #9 at 10 (emphasis added).) Mr. Bjorkman is not a party to the arbitration and as a "nonparticipant[ ] in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, the[ ] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. This consideration relates to the fourth factor as well, in that the Court does not perceive that this request is an attempt to circumvent foreign discovery restrictions, as the arbitral rules do not appear to apply to Mr. Bjorkman in the first place. Nor, as the Republic points out, does Chevron raise an argument that the requested discovery is sought in bad faith. (*See* docket #11 at 9.)

The second and third factors concerning the nature and character of the foreign proceedings and the receptivity of the foreign tribunal to such judicial assistance are not raised as points of contention by either side. In light of this silence, the Court emphasizes that of course, permitting the discovery in this proceeding has no bearing on whether such evidence would be accepted by the

---

[1]There appears to be significant agreement at the district court level that, after the Supreme Court's dicta in *Intel Corp.*, "international arbitral bodies operating under UNCITRAL rules constitute 'foreign tribunals' for purposes of Section 1782." *E.g., In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 291 (S.D.N.Y. 2010) (citations omitted).

UNCITRAL panel.  The foreign proceeding "may limit discovery within its domain for reasons peculiar to its own legal practices . . . reasons that do not necessarily signal objection to aid from United States federal courts."  *Intel Corp.*, 542 U.S. at 261.

Regarding the last factor, the Republic believes Chevron and Mr. Bjorkman concede this consideration by its silence.  (Docket #11 at 4.)  The Court agrees, in part.  Although Chevron does not raise an express argument asserting undue burden or intrusiveness, Chevron contends that the Republic's subpoena includes impermissible requests that exceed the scope of the federal rules, which are explicitly referred to by Section 1782(a).  Chevron requests that, should the Court allow the issuance of the subpoena, the discovery be limited to that permitted by Fed. R. Civ. P. 26(a)(2) governing discovery of individuals considered testifying experts.  (Docket #9 at 13-15.)

In its application, the Republic characterizes Mr. Bjorkman as "an expert nominated by Chevron in the *Lago Agrio* litigation, conducting soil samples for the litigation and opining on the Plaintiffs' request for funds needed to restore their ecosystem."  (Docket #1 at 3-4.)  The purpose of the discovery is "to aid the Republic in defending the validity of the *Lago Agrio* judgment," which is at issue before the UNCITRAL tribunal.  (*Id*. at 3.)  The Republic states it "seeks the same types of documents and testimony that courts across the United States find are relevant in assessing an expert's reports - documents that are now required to be produced in the ordinary course under the Federal Rules of Civil Procedure."  (Docket #3 at 26.)

Chevron represents that it "has not designated Mr. Bjorkman as an expert witness who will testify in the Treaty Arbitration."  (Docket #9 at 8.)  Chevron explains that it referenced Mr. Bjorkman's reports twice in its "comprehensive 280-page merits submission to the Tribunal" - once cited in regards to TexPet's "obligations to strengthen the area [in Ecuador's] public infrastructure" and once "in a footnote regarding the invalidity of the Cabrera assessment [describing damages],

where Mr. Bjorkman's reports are cited along with *sixteen* other expert reports."[2]  (*Id*. (emphasis in

original).)  Chevron included the two expert reports authored by Mr. Bjorkman as attachments to

the merits submission.  (*Id*.)

As the Application presently before the Court was filed after December 1, 2010, Chevron

believes Fed. R. Civ. P. 26(a)(2) in its revised format should apply, with the effect of narrowing the

scope of the requested discovery.  Chevron suggests that the subpoena be limited, in light of the

protection of documents produced in preparation for trial, to communications that "(i) relate to

compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney

provided and that the expert considered in forming the opinions to be expressed; or (iii) identify

assumptions that the party's attorney provided and that the expert relied on in forming the opinions

to be expressed."  (*Id*. at 14 (citing Fed. R. Civ. P. 26(b)(4)(C)).)

The Republic contests this limitation for two reasons: "(1) Bjorkman's reports were

submitted well before it came into effect, so there was no expectation of confidentiality, and (2)

Chevron itself took advantage of the substantially more liberal prior Rule 26 in most all of its 1782

discovery of Plaintiffs' experts."  (Docket #11 at 12.)  Additionally, the Republic asserts that

Chevron fails to meet its burden of proving privilege, and at the very least, should have to produce

a privilege log for the purpose of a proper privilege review on a document by document basis.  (*Id*.)

The Court agrees with the Republic that Fed. R. Civ. P. 26(b)(5) requires a party claiming

privilege or protection of trial-preparation materials to "(i) expressly make the claim; and (ii)

describe the nature of the documents, communications, or tangible things not produced or disclosed -

---

[2]Petitioner describes the same, that Chevron cited Mr. Bjorkman before the arbitral tribunal regarding TexPet's scope of operations in Ecuador and its "involvement in road building and settlement of the region."  (Docket #3 at 26.)

and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Chevron has not met its burden of establishing the existence of any privilege, and the Court finds this argument unpersuasive against its inclination to grant Petitioners' request. The Court does note that Rule 26(a)(2)(B) *requires* the disclosure of "the facts or data considered by the witness in forming" his or her expert testimony. If such foundational information was not provided with the reports at issue, the Court finds no reason to limit the production of such information here. Rule 26(b)(4) prohibits the disclosure of drafts of expert reports and communications between a party's attorney and expert witness, subject to three stated exceptions. The rule does not preclude the disclosure of information constituting the basis for a report, even though prepared for use in trial.

**Conclusion**

The Court finds that 28 U.S.C. § 1782(a)'s statutory requirements and related discretionary factors weigh in favor of issuing the subpoena as to Bjorn Bjorkman. Accordingly, the Application is **GRANTED**. Petitioners may serve the subpoena attached to the Application on Bjorn Bjorkman. As agreed to by the parties, documents shall be produced within 15 days of service of the subpoena, and the deposition shall be scheduled on an agreed-upon date within 45 days of service of the subpoena. (*See* docket #8.)

Dated and entered at Denver, Colorado, this 9th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge