IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCIA CARRION, Dr., the Attorney General of the Republic of Ecuador,

    Petitioners,

v.

BJORN BJORKMAN,

    Respondent.

CHEVRON CORPORATION,

    Interested Party.

## ORDER ON MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Joint Motion for a Stay of this Court's August 9, 2011 Order filed by Respondent Bjorkman and Interested Party Chevron Corporation [filed August 11, 2011; docket #22]. The motion is referred to this Court for disposition. (Docket #23.) The matter is fully briefed and the Court finds that oral argument would not materially assist in the adjudication of the motion. For the following reasons, the Court DENIES the motion to stay.

**I.    Background**

    On June 6, 2011, the Petitioner initiated this action by filing an Application for the Issuance of a Subpoena Under 28 U.S.C. § 1782(A). Docket #1. The application was referred to this Court for disposition and, after briefing, the Court issued an order granting the Application on August 9, 2011. Docket #20. Two days later, Respondent and Interested Party Chevron ("Movants") filed the

present motion to stay enforcement of the order. Motion, docket #22. Movants argue that good cause exists for a stay of enforcement because (1) the order creates a risk of conflict between the Court's discovery procedures and schedule and the Tribunal's procedures and schedule; (2) Chevron has proposed a stipulation that would establish an "orderly schedule for obtaining evidence in the Treaty Arbitration"; and (3) the order may impinge on Chevron's claims of privilege, work product protection and protection of trial preparation materials. *See* Motion at 2-3. Movants ask that the Court stay the enforcement of the order "until the Tribunal has set a schedule and procedure for discovery in the Treaty Arbitration and the District Court has completed review pursuant to Fed. R. Civ. P. 72." *Id.* at 6.

Petitioner objects contending that Movants have failed to address and meet the four-part test for stays of court orders set forth in *Nken v. Holder*, – U.S. –, 129 S. Ct. 1749 (2009): (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *See* docket #28 at 7. Petitioner argues that this Court's August 9, 2011 order is sound and will be upheld on review, that Movants have failed to identify any irreparable harm if their motion is not granted, and that Petitioner will be harmed by the delay of a stay. *Id.* at 8-11. Movants reply that they may be harmed because execution of the August 9, 2011 order would preempt the Treaty Arbitration Tribunal's authority to regulate discovery, which would lead to inequitable and inconsistent treatment in the Treaty Arbitration, and because the order might possibly require disclosure of privileged and trial preparation materials. Docket #30 at 2-3. In addition, Movants assert that Petitioner has characterized to the Tribunal the discovery sought in this action as "premature," which is inconsistent with its position in this case. *Id.*

**II.      Discussion**

In this Court,

> [t]he filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the motion is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be supported by good cause.

D.C. Colo. LCivR 30.2B.  Petitioners contend that Movants are subject to the *Nken* four-part test to justify their request for a stay, arguing that courts in this district have applied the test to determine good cause under Local Rule 30.2B. *See, e.g., Zander v. Craig Hosp.*, No. 09-cv-02121-REB-BNB, 2010 WL 1571213, at *1 (D. Colo. Apr. 20, 2010) (citing a four-part test substantially the same as that cited in *Nken* without actually citing to *Nken*).  Movants counter that courts in this district have used different standards for determining good cause in this instance.  Movants are correct; for example, in *Silverstein v. Federal Bureau of Prisons*, No. 07-cv-02471-PAB-KMT, 2009 WL 5217977, at *1 (D. Colo. Dec. 29, 2009), the court analyzed the following factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006) to determine good cause under Local Rule 30.2B: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Under either scenario, however, the Court finds that Movants have failed to demonstrate good cause to justify their request for stay of execution of the August 9, 2011 order.

First, setting aside the question whether discovery in the Treaty Arbitration would conflict with discovery allowed in this action, it is undisputed that the Treaty Arbitration Tribunal has not

yet ordered discovery in that action. While the issue is apparently currently before the Tribunal, no party has informed this Court as to any orders concerning the issue. Thus, any "risk of conflict" with the Tribunal's supposed discovery order or proceedings is speculative at this point. The Court will not impose a stay based upon mere speculation.

Second, it is apparent by the Petitioner's brief that it has not agreed with Movants' proposed stipulation for discovery; therefore, no good cause exists in this instance. Third, Movants claim that the August 9, 2011 order may be construed as allowing discovery of privileged and/or work product information. However, the Court notes that granting the issuance of a subpoena does not have the same effect as granting a motion to compel. Production pursuant to an issued subpoena is still subject to Rule 26(b)(5), which governs assertions of privilege and the work product doctrine (to the extent that they apply here).

Finally, Movants assert that they object to the August 9 order as contrary to law. Movants point to inconsistencies by the Petitioner in its representations made to the Treaty Arbitration Tribunal and to this Court. While this argument may go to the likelihood of success on their request for review of the August 9, 2011 order, the Movants have failed to show how they will be harmed (irreparably or otherwise) absent a stay; thus, the Court finds Movants' argument insufficient to overcome the presumption against a stay under these circumstances. *See* D.C. Colo. LCivR 30.2B.

### III.   Conclusion

Stays of discovery are generally disfavored in this district. *See, e.g., Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). And, pursuant to Local Rule 30.2B, a stay of discovery is not imposed simply upon an objection to a magistrate judge's order; rather, the movant must show good cause to overcome the presumption against a stay. Here, Movants have failed to demonstrate good cause to stay the execution of the August 9, 2011 order

pending resolution of their objection to the order. Accordingly, for the reasons stated herein, the Court **DENIES** the Joint Motion for a Stay of this Court's August 9, 2011 Order filed by Respondent Bjorkman and Interested Party Chevron Corporation [filed August 11, 2011; docket #22].

Dated at Denver, Colorado, this 29th day of August, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge