IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCÍA CARRÍON, Dr., the Attorney General of the Republic of Ecuador,

    Petitioners,

v.

BJORN BJORKMAN,

    Respondent.

CHEVRON CORPORATION,
    Interested Party.
_____

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S ORDER**
_____

I.    <u>Introduction</u>

    This matter is before the Court on the Application of the Republic of Ecuador and Dr. Diego García Carrión, the Attorney General of the Republic of Ecuador, for the Issuance of a Subpoena Under 28 U.S.C. § 1782(A) to Bjorn Bjorkman for the Taking of a Deposition and the Production of Documents For Use in a Foreign Proceeding, filed June 6, 2011 [ECF No. 1]. The matter was referred to Magistrate Judge Hegarty on June 29, 2011, and he issued an Order on August 9, 2011, [ECF No. 20], granting the Application. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1). Chevron Corporation and Bjorn Bjorkman (collectively, "Respondents") filed an Objection to the Order on August 23, 2011, [ECF No. 32]. The Republic of Ecuador and Dr. García Carríon (collectively, "Petitioners")

filed a response to the Objection on September 13, 2011, [ECF No. 40], and Respondents filed a reply on September 27, 2011, [ECF No. 44].

II.     Background

The Application before the Court stems from decades of litigation concerning Texaco Petroleum Corporation's conduct in Ecuador and its residual environmental and health-related effects on certain land and people within Ecuador.   The facts relevant to the current matter relate primarily to a Bilateral Investment Treaty arbitration before the United Nations Commission on International Trade Law ("UNCITRAL") arbitral body. Petitioners seek discovery from Bjorn Bjorkman, an environmental expert who authored reports for Chevron for use in the arbitration.   Chevron Corporation, having merged with Texaco and as Interested Party to this proceeding, and Mr. Bjorkman oppose this request on the basis that the Tribunal itself can order the requested discovery, and thus this Court should not interfere with the Tribunal's discovery procedures.   In the Order, which Respondents now appeal, Magistrate Judge Hegarty rejected this argument and concluded that "28 U.S.C. § 1782(a)'s statutory requirements and related discretionary factors weigh in favor of issuing the subpoena as to Bjorn Bjorkman."   Order at 7.

III.    Analysis

Because Respondents filed a timely objection, I must review Magistrate Judge Hegarty's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive.   Fed. R. Civ. P. 72(a).   "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."   *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237,

-2-

243 (D. Colo. 1993).

Respondents' initially objected to the Order on three primary grounds: (1) that the Magistrate Judge's analysis of the discretionary factors set forth in *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-66 (2004) for determining whether to permit discovery pursuant to § 1782 was "irreparably flawed and contrary to law;" (2) that the Application attempts to circumvent the foreign tribunal's proof-gathering procedures; and (3) that even if the Court permitted discovery of Mr. Bjorkman, the scope of the discovery permitted in the Order was ambiguous, overbroad, and potentially impermissible under the recently revised Fed. R. Civ. P. 26(a)(2).

Respondents subsequently withdrew their objection to the Magistrate Judge's recommendation to grant Petitioners' Application, citing an order issued on September 23, 2011, by the Northern District of California granting a similar § 1782 application. However, Respondents contend that they "maintain their objections . . . to Magistrate Judge Hegarty's [Order] to the extent that it might be interpreted as applying an outdated version of Federal Rule of Civil Procedure 26 or holding that Respondents waived any legally applicable privilege."

Because the Application before the Court was filed after December 1, 2010, Respondents assert that Rule 26(a)(2) in its revised format should apply, with the effect of narrowing the scope of the requested discovery to communications that

> (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C).  In his Order, Magistrate Judge Hegarty did not directly resolve this issue, but noted that Fed. R. Civ. P. 26(b)(5) requires a party claiming privilege or protection of trial-preparation materials to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Order at 6. Magistrate Judge Hegarty found that Chevron had not met its burden of establishing the existence of any privilege, and declined to deny the Application based on Respondents' assertion that any discovery sought should be narrowed in scope based on revisions to Rule 26(a)(2).   Order at 7.

I find that Magistrate Judge Hegarty's Order is thorough and well-reasoned, and agree that Petitioners' Application is properly granted.   In addition, I find that issues regarding the proper scope of discovery are best addressed in the context of Petitioners' Motion to Compel Production of Documents From Bjorn Bjorkman Pursuant to FRCP 37, filed November 1, 2011 [ECF No. 45], and referred to Magistrate Judge Hegarty on November 2, 2011.

IV.   Conclusion

For the reasons outlined above, the Order of the United States Magistrate Judge, dated August 9, 2011, [ECF No. 20], is **AFFIRMED and ADOPTED**.   Accordingly, it is

ORDERED that Petitioners' Application for the Issuance of a Subpoena Under 28 U.S.C. § 1782(a) to Bjorn Bjorkman for the Taking of a Deposition and the Production of Documents for Use in a Foreign Proceeding is **GRANTED** as set forth therein.

Dated:   November 9, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge