IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCIA CARRION, Dr., the Attorney General of the Republic of Ecuador,

      Petitioners,

v.

BJORN BJORKMAN,

      Respondent.

CHEVRON CORPORATION,

      Interested Party.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court are the Petitioners' Motion to Compel Production of Documents from Bjorn Bjorkman Pursuant to Fed. R. Civ. P. 37 [filed November 1, 2011; docket #45] and the Respondent's and Interested Party's Joint Motion for Leave to File Surreply to the [Petitioners'] Reply in Support of the Motion to Compel [filed December 7, 2011; docket #60]. The motions are referred to this Court for disposition. (Dockets #46 and #62.) The matters are fully briefed, and oral argument would not assist the Court in its adjudication of the motions. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Petitioners' motion and **DENIES** Respondents' motion.

## Background

      The parties' requests before the Court stem from decades of litigation concerning Texaco

Petroleum ("TexPet") Corporation's conduct in Ecuador and its residual environmental and health-related effects on certain land and people within Ecuador.  The dispute's history is extensive and need not be recited in this order.  In this proceeding, the Republic of Ecuador ("Republic") seeks certain discovery from Bjorn Bjorkman, an environmental expert who authored reports for Chevron, for use in a Bilateral Investment Treaty arbitration before the United Nations Commission on International Trade Law ("UNCITRAL") arbitral body.  In this proceeding, the Court has granted the Republic's petition for a subpoena for deposition and production of documents to be served upon Mr. Bjorkman.

The current dispute arises upon the Republic's contention that Bjorkman has improperly withheld discoverable information primarily based upon the attorney-client privilege and work product doctrines provided in Fed. R. Civ. P. 26(b)(4), amended December 1, 2010, which do not apply to this matter.  The Republic further contends that, even if the 2010 amendments apply, Bjorkman and Chevron Corporation, having merged with Texaco and as Interested Party to this proceeding (hereafter, "Respondents"), must still produce the requested documents because (1) Chevron has been granted discovery based upon the same arguments it opposes now, and it would be unjust to prohibit discovery to the Republic; and (2) Bjorkman is a non-reporting testifying expert subject to the "bright line rule" through which all materials considered by a testifying expert, including attorney work product, must be disclosed.  In addition, the Republic argues that the work product/privilege claims are deficient, and that, nevertheless, the Republic has a substantial need for the requested discovery.

Respondents oppose the present motion arguing that they have properly withheld documents subject to the attorney client and work product privileges provided by Rules 26(b)(3)(A), 26(b)(4)(B) and 26(b)(4)(C), as amended December 1, 2010.  Further, Respondents contend that

Bjorkman was retained by Chevron specifically to assist it in its defense of the Lago Agrio litigation and that his work was conducted in defense of that litigation; thus, Bjorkman's work product is protected pursuant to Rule 26(b)(3)(A), whether or not he submitted a report in accord with Rule 26(a)(2)(B).  With respect to their alleged previous "contrary" arguments, Respondents claim that any prior waiver arguments were primarily based on the crime-fraud exception, rather than pursuant to Rule 26.  Respondents further state that they have conferred in good faith concerning issues underlying their privilege log, and that the Republic cannot demonstrate a "substantial need" for the withheld documents.

**Discussion**

**A.      Application of 2010 Amendments to Fed. R. Civ. P. 26 in this Matter**

According to Petitioners, the Respondents are improperly withholding documents based upon Fed. R. Civ. P. 26(b)(4), subsections (B) and (C), which were added to the rules with the December 1, 2010 Amendments.  Petitioners argue the previous version of Rule 26 (and all related case law) applies, because the action for which the discovery is sought in this matter commenced in 2009.

Pursuant to Fed. R. Civ. P. 86(a):

These rules and any amendments take effect at the time specified by the Supreme Court, subject to 28 U.S.C. § 2074.  They govern:

(1)      proceedings in an action commenced after their effective date; and

(2)      proceedings after that date in an action then pending unless:

(A)      the Supreme Court specifies otherwise; or
(B)      the court determines that applying them in a particular action would be infeasible or work an injustice.

Respondents argue that this matter is an "action" that commenced after December 1, 2010, the

effective date of the amendments, and therefore, the amendments apply here.[1]  The Court does not necessarily agree; Respondents provide no persuasive legal authority supporting their position that a discovery dispute, brought before a court other than that in which the primary litigation proceeds, constitutes an "action" under the federal rules.

However, the Court finds applicable Fed. R. Civ. P. 86(a)(2), providing that amendments to the rules govern "proceedings" that take place after the effective date in a pending action.  Certainly, it cannot be rebutted that a discovery issue raised in a separate court is a "proceeding" in litigation pending in another court.  Therefore, the Court will proceed to analyze whether the 2010 Amendments apply to this proceeding pursuant to Rule 86(a)(2).

     1.     <u>Has the Supreme Court Specified Otherwise?</u>

In an April 28, 2010 Order, the Supreme Court concludes, in pertinent part, "[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."  Such order is consistent with Fed. R. Civ. P. 86(a), and specifies nothing other than that provided in Rule 86(a).

     2.     <u>Would Application of the 2010 Amendments be Infeasible or Work an Injustice?</u>

According to Petitioner, the Respondent has been granted discovery based upon the same arguments it opposes now, and prohibiting the same or similar type of discovery to the Petitioner here would be unjust.  More specifically, Petitioner states that before December 1, 2010, discovery from expert witnesses was subject to a "bright line" rule by which nearly every communication and

---

[1]The petition initiating this proceeding was filed June 6, 2011.  *See* docket #1.

document concerning a testifying expert's report were discoverable.[2]  Under such rule, Respondent apparently has been granted discovery concerning Petitioner's experts.  Moreover, Petitioner asserts that Mr. Bjorkman's reports were submitted well before the 2010 amendments and, thus, there were no legitimate expectations of privacy concerning such reports.  Finally, Petitioner claims that the proceeding at issue, the Treaty Arbitration, was initiated in September 2009, well before the 2010 Amendments became effective.

Respondent counters that the bar had notice of the 2010 Amendments well before they came into effect and there was nothing stopping Petitioner from filing the present petition before the effective date of the Amendments.  The Court agrees.  There is no dispute that Respondent initiated the Treaty Arbitration in September 2009; Petitioner comes forth with no argument explaining or justifying its delay in filing the present petition until June 2011.  Certainly, there is no argument that Respondent, by its conduct in the arbitration, caused such delay.  As for Petitioner's contention that there was no legitimate expectation of privacy in Bjorkman's reports at the time they were submitted, Petitioner fails to demonstrate how such fact, if true, would be any more unjust than all other cases in which an expert report is submitted before the December 1, 2010 Amendments, but

---

[2]On October 1, 2010, this Court issued an order in another proceeding involving the same litigation, in which the Court applied the "bright-line" rule to compel disclosure of documents provided to an expert.  *See Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH, 2010 WL 3923092, at *8 (D. Colo. Oct. 1, 2010) (unpublished) ("the majority of courts [favor] a 'bright-line' approach that mandates 'full disclosure of those materials reviewed by an expert witness."  *Garfinkel v. Gerbaz*, No. 08-cv-02462-RPM-LTM, 2009 WL 4611477, at *1 (D. Colo. Dec. 2, 2009) (citing *State of Oklahoma v. Tyson Foods, Inc.*, No. 05-cv-329-GKF-PJC, 2009 WL 1578937 (N.D. Okla. June 2, 2009)) (magistrate judge in this district adopting the "bright-line" approach).  In *Chevron*, this Court noted the Sixth Circuit's opinion in *Regional Airport Authority of Lousiville v. LFG, LLC*, 460 F.3d 697 (6th Cir. 2006) for an explanation of the evolution of Rule 26's provisions regarding disclosure of testifying expert documentation. *Id.* at 713-15 (recognizing the "bright-line" approach as adopted by the majority of courts and holding that "Rule 26 now requires disclosure of all information provided to testifying experts").

for which discovery is sought after the Amendments took effect.  Just as the pre-Amendment rules and case law applied to both Petitioner and Respondent before December 1, 2010, so too will the newly revised rules apply to both parties post-Amendments.

Moreover, Petitioner makes no argument that application of the Amendments to this proceeding is infeasible, and the Court perceives none.  As such, the Court finds that the 2010 Amendments shall apply to this proceeding in a pending action pursuant to Fed. R. Civ. P. 86(a)(2).

## B.  Does Application of 2010 Amendments Justify Withholding Documents?

Petitioner argues that, even if the 2010 Amendments apply here, Respondent must produce the documents it currently withholds, because (1) the Amendments do not prohibit discovery from a non-reporting testifying expert; (2) Respondents' claims of privilege are "woefully deficient"; and (3) Petitioner has a substantial need for the requested discovery.  The Court construes Petitioner's and Respondents' arguments in this regard as raising two issues: (1) whether Fed. R. Civ. P. 26(b)(4)(B) and 26(b)(4)(C) may be properly invoked to justify withholding information and certain documents; and (2) whether Respondents may invoke the "work product" protection of Fed. R. Civ. P. 26(b)(3) to withhold documents in this matter.

At the outset, the Court deems it necessary to express its understanding of the purposes behind the 2010 amendments to Fed. R. Civ. P. 26.  The Advisory Committee makes clear that the amendments are meant to alleviate the perceived uncertainty and rising costs associated with attorneys' limited interactions with their retained experts as a result of court opinions allowing discovery of an expert's draft reports and of all communications with counsel.  The language of Rule 26(a)(2)(B) was amended specifically for these purposes.  *See* Advisory Committee Notes to 2010 Amendments ("This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports.")

In fact, Rule 26(b)(4)(B) is specifically aimed at protecting an expert's drafts, which may contain the attorney's work product, and Rule 26(b)(4)(C) provides specific protection for attorney-expert communications. The Court proceeds with its analysis of the issues raised in the present motion with these two purposes in mind.

      1.    <u>Fed. R. Civ. P. 26(b)(4)(B)</u>

Respondents are correct that the amended Rule 26(b)(4)(B) prohibits disclosure of any draft of any expert reports or disclosures required by Fed. R. Civ. P. 26(a)(2). The Advisory Committee notes to the 2010 Amendments make clear that "[t]his protection applies to all witnesses identified under Rule 26(a)(2)(A) whether they are required to provide reports under Rule 26(a)(2)(B) or are the subject of disclosure under Rule 26(a)(2)(C)." Therefore, Respondents are permitted to withhold drafts of Bjorkman's expert reports or disclosures, whether written, electronic or otherwise, pursuant to Rule 26(b)(4)(B).

      2.    <u>Fed. R. Civ. P. 26(b)(4)(C)</u>

Rule 26(b)(4)(C) "protect[s] communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." The Advisory Committee notes to the 2010 Amendments explain that the rule is "designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery. The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party

on whose behalf the witness will be testifying, including any 'preliminary' expert opinions."

Petitioner claims that because Bjorkman has not been retained or specially employed to provide expert testimony in the Treaty Arbitration, he is simply a "fact witness" who would be considered a non-reporting testifying expert in this matter. The Court disagrees; it is undisputed in this matter that Petitioner seeks discovery of Bjorkman in his role as an expert witness required to submit a report pursuant to Rule 26(a)(2)(B) in the underlying litigation. Based upon the Advisory Committee's notes emphasizing the protection to be afforded communications between attorneys and their retained experts, the Court finds that Bjorkman is subject to the protection described in Rule 26(b)(4)(C). Thus, Respondents may withhold documents containing communications between Chevron's counsel and Bjorkman (and/or his assistant(s)) concerning Bjorkman's expert opinion(s), except to the extent described in the rule. Documents containing communications between Bjorkman (and/or his assistant(s)) and individuals who are not Chevron attorneys may not be withheld.

      3.    <u>Fed. R. Civ. P. 26(b)(3)(A)</u>

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial ... [unless] they are otherwise discoverable under Rule 26(b)(1); and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). "At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238 (1975). "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Resolution Trust Corp. v.*

*Dabney,* 73 F.3d 262, 266 (10th Cir. 1995) (citing *Feldman v. Pioneer Petroleum, Inc.,* 87 F.R.D. 86, 89 (W.D. Okla. 1980)).  A party may still discover documents that contain fact work product by satisfying the substantial need/undue burden test. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Frontier Ref., Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 704 n. 12 (10th Cir. 1998).  However, opinion work product, such as an attorney's mental impressions, conclusions, opinions, or legal theories, receives special protection against disclosure.  Fed. R. Civ. P. 26(b)(3)(B).

Respondents argue that the 2010 amendments to Rule 26 have abolished the "bright-line" rule adopted by a majority of the courts, including this Court (*see infra*), in which a party may have discovery of all information provided to the opposing testifying expert.  Respondents claim that the new language in Rule 26(a)(2)(B), requiring that an expert's report contain "the facts or data considered by the witness" in forming an opinion, supercedes such "bright-line" rule and permits disclosure *only* of facts or data considered by the witness.  Respondents appear to argue that the work product doctrine protects from disclosure all other expert information contained in documents or tangible things prepared in anticipation of litigation by or for the attorney.  The Court disagrees that the 2010 amendments go so far as to eliminate the "bright-line" rule altogether.

First, as set forth above, the Advisory Committee specifically states that the amendments are meant to halt the disclosure of two types of discovery: an expert's draft reports and the communications between a retained reporting expert and the party's attorney.  The committee explains that the new language in Rule 26(a)(2)(B), substituting the broad "data or other information" with the specific "facts or data," is meant to "alter the outcome of cases that have relied on the 1993 formulation in requiring disclosure of *all attorney-expert communications and draft reports*" (emphasis added).  Second, the new Rules 26(b)(4)(B) and (C) specifically state that the work-product protection described in Rules 26(b)(3)(A) and (B) protects from disclosure expert draft

9

reports and attorney-expert communications.  Obviously, expert draft reports and attorney-expert communications constitute or contain information prepared in anticipation of litigation by or for the attorney; if the rules committee had intended that all expert information prepared in anticipation of litigation be protected, then there would have been no need to carve out the protections set forth in Rules 26(b)(4)(B) and (C).

In fact, the Advisory Committee sets forth the reason underlying the language change in its notes:

> The refocus of disclosure on 'facts or data' is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

From this explanation, the Court infers that information constituting facts or data considered by the expert may not be withheld simply because it was used and/or prepared in anticipation of litigation by or for an attorney.  Thus, the Court rejects Respondents' contention that Rule 26(b)(3) protects from disclosure all expert information and/or communications except the "facts or data" described in Rule 26(a)(2)(B).

Clearly, it is the intention of the rules committee to protect the mental impressions and legal theories of a party's *attorney*, not its expert.  With this premise, the Court concludes that Bjorkman may not withhold any documents or information based upon the "work product doctrine" set forth in Rule 26(b)(3), except those specifically protected by Rules 26(b)(4)(B) and (C).

## C.   Respondents' Request to File Surreply

Respondents seek leave for this Court to consider its surreply filed in response to the reply brief Petitioners' filed in support of their motion.  Information contained in the surreply refers to

Petitioners' argument set forth in Section II.A.3. of their reply concerning alleged "pre-inspections" by Chevron. The Court interprets Petitioners' argument as information supporting its request for discovery pursuant to Fed. R. Civ. P. 26(b)(3)(A) demonstrating that they have a "substantial need" for such discovery. However, because the Court does not apply universally the work-product protection of Rule 26(b)(3) in this matter, Petitioners' argument is moot and the Court has no need to consider Respondents' surreply. Therefore, Respondents' motion is denied.

**Conclusion**

It appears from the record that Respondents have properly withheld documents and/or information protected by Rule 26(b)(4)(B) and (C). However, it also appears that Respondents have withheld documents based upon a premise rejected by this Court. While the Court appreciates the work of the parties in preparing exhibits listing the identification numbers of challenged documents in this matter, rather than wade through the sheer number of documents contained in the 541-page privilege log in an attempt to identify each and every non-protected document, the Court will rely on the parties' professionalism and cooperation by ordering the Respondents to amend their privilege log in accordance with this Order and produce to the Petitioners copies of all documents that fall outside the protection identified in this Order on or before January 20, 2012. Thereafter, if the Petitioners do not agree that Respondents have complied with this Order, they may seek relief in the form of a motion, but the parties need not supply the Court with exhibits already produced.

Based upon this Order, Petitioners' request for the appointment of a special master is denied as premature. With respect to Petitioners' request for a two-day 14-hour deposition of Bjorkman, the Court agrees that the number of documents produced (and to be produced) justifies an extension of the 7-hour duration provided by Fed. R. Civ. P. 30(d); however, Petitioners do not demonstrate sufficient cause to double the time. Rather, the Court will permit Petitioners a total of 10-1/2 hours

in which to depose Bjorkman in this matter.

Accordingly, the Petitioners' Motion to Compel Production of Documents from Bjorn Bjorkman Pursuant to Fed. R. Civ. P. 37 [filed November 1, 2011; docket #45] is **GRANTED IN PART AND DENIED IN PART** as set forth herein and the Respondent's and Interested Party's Joint Motion for Leave to File Surreply to the [Petitioners'] Reply in Support of the Motion to Compel [filed December 7, 2011; docket #60] is **DENIED**.

Dated and entered at Denver, Colorado, this 4th day of January, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge