IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCIA CARRION, Dr., the Attorney General of the Republic of Ecuador,

    Petitioners,

v.

BJORN BJORKMAN,

    Respondent.

CHEVRON CORPORATION,

    Interested Party.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are a Motion for a Temporary Stay of this Court's January 4, 2012 Order Pending review Pursuant to Fed. R. Civ. P. 72 [filed January 12, 2012; docket #67] and a Motion to Clarify Motion for Temporary Stay ... and Alternative Relief for a Limited Protective Order [filed January 18, 2012; docket #71] filed by Respondent Bjorkman and Interested Party Chevron Corporation ("Movants"). The motions are referred to this Court for disposition. (Dockets #70, #72.) The matters are fully briefed and the Court finds that oral argument would not materially assist in the adjudication of the motions. For the following reasons, the Court **GRANTS** the motion for temporary stay and **DENIES AS MOOT** the motion for clarification.

On June 6, 2011, the Petitioners initiated this action by filing an Application for the Issuance of a Subpoena Under 28 U.S.C. § 1782(A). Docket #1. The application was referred to this Court

for disposition and, after briefing, the Court issued an order granting the Application on August 9, 2011. Docket #20. The Respondent and Interested Party Chevron ("Movants") then filed a motion to stay enforcement of that order. Docket #22. On August 29, 2011, this Court denied the motion to stay for failure to demonstrate good cause to overcome the presumption against stays. Docket #37.

On November 11, 2011, Petitioners filed a motion to compel Movants to produce documents withheld on the bases of the work product doctrine and the attorney-client privilege. This Court granted in part and denied in part the motion to compel on January 4, 2012, ordering the Movants to produce certain documents that were withheld based upon, what this Court determined to be, an incorrect interpretation of the 2010 amendments to the federal rules. Docket # 66. Pursuant to the order, the Movants are required to produce copies of such documents on or before January 20, 2012. *Id.* On January 12, 2012, Movants filed the present motion to stay enforcement of the January 4, 2012 order arguing that good cause exists because (1) they are likely to succeed on review; (2) they will suffer irreparable harm if they are forced to produce arguably privileged documents; (3) Petitioners will suffer no substantial harm from a temporary stay; and (4) the public interest is served by a temporary stay. *See* Motion, docket #67.

Petitioners object arguing that this Court's January 4, 2012 order is sound and will be upheld on review, that Movants have failed to identify any irreparable harm if their motion is not granted, particularly considering the likelihood of failure on appeal, and that Petitioners will be harmed by the delay of a stay. Docket #73. The Movants reply that Petitioners' arguments concerning their ability to prevail on review are flawed or misplaced. Docket #74.

In this Court,

> [t]he filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the motion is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be supported by good cause.

D.C. Colo. LCivR 30.2B. Movants, in filing the present motion, are subject to the four-part test set forth in *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1756 (2009) to justify their request for a stay and to determine good cause under Local Rule 30.2B: (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *See, e.g., Zander v. Craig Hosp.*, No. 09-cv-02121-REB-BNB, 2010 WL 1571213, at *1 (D. Colo. Apr. 20, 2010) (citing a four-part test substantially the same as that cited in *Nken* without actually citing to *Nken*).

In *Zander*, the court considered an issue much like that presented here: whether good cause exists to stay the enforcement of an order "where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to a party seeking the stay," or "where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." *Id.* The *Zander* court granted the requested stay concluding that irreparable harm could result if the defendant were required to produce arguably privileged information before a potential reversal of the challenged order. *Id.* at *2.

For substantially the same reasons, the Court will grant the requested stay here. Although I do not believe the Movants will prevail on review of this Court's order, the issue raised in this matter – whether the Movants properly withheld documents in the possession of their expert based solely on the work product doctrine pursuant to Fed. R. Civ. P. 26(b)(3) and the 2010 amendments

Case 1:11-cv-01470-WYD-MEH   Document 79   Filed 01/20/12   USDC Colorado   Page 4 of 5

– is a matter of first impression in this district and, thus, the documents are "arguably privileged" at this point.  The disclosure of potentially confidential work product information pending an order that may reverse my order could result in irreversible injury to the Movants.

I perceive no substantial harm will result to the Petitioners with a grant of a temporary stay; it is undisputed there are no schedules nor deadlines in place with which the Petitioners must comply in seeking discovery for the Treaty Arbitration.  In fact, although Petitioners inform the Court of an impending "jurisdictional decision" by the Tribunal, they fail to identify how such decision will affect their ability to seek discovery in this matter; Petitioners' speculation that the Tribunal may "compel prompt briefing on the merits" with its jurisdictional decision is simply that – speculation. *See* docket #55.  There is nothing in the Tribunal's notice concerning merits briefing.  *See* docket #55-1.  Notably, the jurisdictional decision apparently was expected "in late December 2011 or early January 2012" (*id.*); however, today is January 20, 2012 and there is no evidence of any decision.

Moreover, because the matter raises an issue new to this district, I find the public interest is served by a temporary stay.  *Zander*, 2010 WL 1571213, at *2.  Therefore, the Court concludes the Movants have demonstrated good cause to overcome the presumption against stays and to justify their request for a temporary stay of execution of the January 4, 2012 order.

With respect to the Motion for Clarification, the Court notes that the Movants' request for a protective order pursuant to Fed. R. Civ. P. 26(c) is improper and will not be considered in this matter.  First, the request is, in no way, "in the alternative" to the initial relief sought in the case.  A request for "alternative" relief implies an either/or scenario.  Here, the Movants' request is not either/or, but rather, it seeks a protective order only if the motion is denied.  This is nothing more than a "contingent" or additional request for relief that, under the local rules, must be made in a separate paper.  *See* D.C. Colo. LCivR 7.1C.  Further, the Court notes that Movants failed to provide

4

a proposed protective order (which would have been necessary for the Court to consider) despite the fact that they had *three* opportunities to do so. Thus, the Court finds it need neither address nor consider the Movants' request for a protective order in this matter. As a result, the Court finds the Motion for Clarification is unnecessary to consideration of this matter and is, therefore, moot.

Accordingly, for the reasons stated herein, the Court **GRANTS** the Movants' Motion for a Temporary Stay of this Court's January 4, 2012 Order Pending review Pursuant to Fed. R. Civ. P. 72 [filed January 12, 2012; docket #67] and **DENIES AS MOOT** the Motion to Clarify Motion for Temporary Stay ... and Alternative Relief for a Limited Protective Order [filed January 18, 2012; docket #71]. Enforcement of this Court's January 4, 2012 order is stayed pending determination of the Movants' objections to the order.

Dated at Denver, Colorado, this 20th day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge