# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-01470-WYD-MEH

In re Application of:

The REPUBLIC OF ECUADOR and DR.
GARCÍA CARRIÓN, the Attorney General of
The Republic of Ecuador,

    Applicants,

For the Issuance of a Subpoena Under 28
U.S.C. § 1782(a) for the Taking of a
Deposition of and the Production of
Documents by BJORN BJORKMAN for Use
in a Foreign Proceeding,

    Respondent,

CHEVRON CORPORATION,

    Intervenor.

## STIPULATED PROTECTIVE ORDER

For good cause appearing under Federal Rule of Civil Procedure 26(c)(1) and D.C.COLO.LCivR 30.2, **IT IS HEREBY ORDERED** that:

1.    All documents, materials, information, privilege logs, and deposition testimony (the "Protected Materials") disclosed by Mr. Bjorn Bjorkman and his counsel pursuant to this Court's Order of October 4, 2012, shall be used only by the Republic of Ecuador, Dr. García Carrión, and their legal counsel (collectively, "Applicants") for the sole purpose of conducting the Bilateral Investment Treaty Arbitration entitled *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23 (the "Arbitration"), including (i) any appeals or "set aside" actions from any orders or awards in the Arbitration, (ii) any

ancillary actions, including in the United States under 28 U.S.C. § 1782 seeking discovery for use in the Arbitration (including any appeals or objections arising therefrom), or (iii) any confirmation or enforcement actions arising out of the Arbitration (collectively, "BIT Litigation").

2. Should Applicants decide to file any of the Protected Materials in the BIT Litigation, Applicants agree that, where a procedural mechanism for sealing documents exists, they will request that all Protected Materials be maintained under seal by the receiving court or tribunal.

3. Applicants shall be prohibited from filing Protected Materials in any action other than the BIT Litigation.

4. Nothing in this Protective Order prohibits Applicants from sharing the Protected Materials with (1) any officials administering or facilitating the Arbitration, or (2) any court personnel (*i.e.* videographers, translators, etc.) or respondent as necessary or appropriate in connection with any BIT Litigation. Applicants may also share Protected Materials with (1) any current or future experts retained by the Republic of Ecuador in connection with the Arbitration, so long as those individuals agree to respect the terms of this Protective Order and are not directly associated with the Lago Agrio Plaintiffs, their agents, their counsel, or their counsel's agents and (2) the Claimants in the Arbitration.

5. Except as set forth above, Applicants shall be prohibited from sharing or disseminating Protected Materials with any other individual or entity, including but not limited to the Lago Agrio Plaintiffs, their agents, their counsel, and their counsel's agents.

6. Should this Court grant Respondents' Motion to Stay Discovery Pending Appellate Review, which Applicants oppose, Applicants shall be forbidden from using, filing, sharing, or otherwise relying upon the Protected Materials while such stay is in effect.

7. Upon entry of a final Order or Opinion by the Tenth Circuit deeming some or all of the Protected Materials privileged and the exhaustion of any appellate rights to the U.S. Supreme Court, Applicants shall be forbidden from using, filing, sharing, or otherwise relying upon the privileged Protected Materials. Applicants shall also be required to promptly return and/or destroy the privileged Protected Materials and certify thereto.

8. This Protective Order shall become null and void upon the entry of a final Order or Opinion by the Tenth Circuit resolving Respondents' appeal and the exhaustion of any appellate rights to the U.S. Supreme Court, or lapse of the deadline for filing any such appeal, unless such Order provides otherwise.

9. Nothing in this Protective Order shall restrict the use of documents or information obtained by a party from a source other than Bjorn Bjorkman, his counsel, or his counsel's agents. To the extent the Protected Materials contain documents or materials that are also publicly available, nothing in this Protective Order shall restrict the use of such documents or information.

10. Absent grant of the pending Motion to Stay, the Protected Materials shall be produced no later than October 22, 2012. Should this Protective Order not be entered by the Court before that time, the parties agree to be bound by the terms of this Protective Order pending approval by this Court.

11. Both parties reserve their right to seek to modify this protective order for good cause shown.

12.     The parties agree that this protective order may not be used as precedent for any purpose in any other action or proceeding.

Dated at Denver, Colorado, this 23rd day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge