IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCIA CARRION, Dr., the Attorney General of the Republic of Ecuador,

　　Petitioners,

v.

BJORN BJORKMAN,

　　Respondent.

CHEVRON CORPORATION,

　　Interested Party.

## ORDER ON SECOND MOTION TO COMPEL

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Petitioners' Motion to Compel Chevron Corporation and Bjorn Bjorkman to Produce Documents [filed November 19, 2012; docket #106]. The motion is referred to this Court for disposition. (Docket #108.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication of the motion. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Petitioners' motion.

### Background

The request before the Court stems from decades of litigation concerning Texaco Petroleum ("TexPet") Corporation's conduct in Ecuador and its alleged residual environmental and health-related effects on certain land and people within that country. The dispute's history is extensive and need not be recited in this order. In this proceeding, the Republic of Ecuador and its Attorney

General ("Petitioners") seek certain discovery from Bjorn Bjorkman, an environmental expert who authored reports for Chevron Corporation, for use in a Bilateral Investment Treaty arbitration before the United Nations Commission on International Trade Law ("UNCITRAL") arbitral body. This Court granted the Petitioners' petition for a subpoena for deposition and production of documents to be served upon Mr. Bjorkman on August 9, 2011, and granted in part and denied in part the Petitioners' first motion to compel on January 4, 2012. (Dockets #20 and #66.) The District Court affirmed the first order on November 9, 2011 (docket #54) and the second order on October 4, 2012 (docket #87). The Respondents (Bjorkman and Chevron) appealed the District Court's October 4, 2012 order to the Tenth Circuit Court of Appeals (docket #89). Respondents also filed a motion to stay enforcement of the October 4, 2012 order pending resolution on appeal (docket #90).

The current dispute arises upon the Petitioners' contention that Respondents have improperly re-characterized and withheld certain documents to conform to the Court's January 4, 2012 order. Petitioners claim that Respondents' "re-characterizations" are inaccurate and, alternatively, are new assertions of privilege which have been waived as untimely. Petitioners also assert that Respondents are improperly withholding copies of written communications in which attorneys are simply copied but not consulted for legal advice. Petitioners seek an order requiring production for *in camera* review or, in the alternative, pursuant to Fed. R. Evid. 502.

Before Respondents filed a response to the motion, Judge Daniel issued an order on November 30, 2012 denying Respondents' motion to stay enforcement of the October 4, 2012 order. (Docket #113.) Judge Daniel ordered that Respondents produce any document subject to his October 4, 2012 order on or before December 7, 2012. (*Id.*)

On December 5, 2012, Respondents filed a brief in opposition to the present motion arguing that Petitioners filed the motion despite Respondents' agreement to produce additional documents,

2

which they intended to do on or before December 7, 2012 in accordance with Judge Daniel's order. Respondents further contend that any documents they will continue to withhold are protected, such as outlines of draft expert reports, draft reports by experts other than Bjorkman, communications that discuss legal advice, and communications that address an attorney in the body of the document. Moreover, Respondents assert that any *in camera* review and production pursuant to Fed. R. Evid. 502 in this matter are improper and burdensome.

Petitioners filed their reply brief on December 10, 2012, *after* the December 7, 2012 production deadline. Petitioners argue that Respondents continue to improperly withhold "draft reports" written by persons possessing a different expertise and who likely did not co-author Bjorkman's report. Further, Petitioners claim Respondents are withholding communications that likely contain no mental impressions or legal advice by an attorney. Finally, Petitioners repeat that any "re-characterizations" of documents are actually new assertions of privilege and are waived as untimely.

However, in their reply brief, Petitioners failed to specify which documents, if any, they received that may have been the subject of the present motion and whether any portion of the present motion became moot as a result of the December 7, 2012 production. Consequently, this Court ordered that the parties file supplemental briefs "explaining what occurred on December 7, 2012 and whether any portion of the present motion has been rendered moot by Judge Daniel's order and any such production. Further, the Petitioners were ordered to specify (by list) which documents are discoverable, but have been allegedly improperly withheld." (*See* docket #118.) The parties complied and filed supplemental briefs on December 19, 2012. The Court is now fully advised and finds as follows.

**Discussion**

3

Respondents contend that, following the December 7, 2012 production, they continue to withhold (1) outlines of draft reports; (2) memoranda addressed to or from an attorney; (3) email communications copying an attorney but addressing that attorney directly in the email; and (4) emails discussing legal advice or requests from counsel and documents created by an attorney. Petitioners claim that Respondents are withholding additional categories of documents: (5) emails from non-attorneys to non-attorneys; (6) emails and documents identified with different assertions of privilege; (7) new documents added to latest privilege log; and (8) draft reports by experts other than Bjorkman.

As set forth in this Court's January 4, 2012 order, only two categories of documents are protected in accordance with Fed. R. Civ. P. 26(b)(4)(B) and 26(b)(4)(C). The first category is drafts of expert reports or disclosures, and the second is direct communications between the attorney and the expert witness, unless the communication involves compensation for the expert's study or testimony, facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed, or assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

As this Court stated in its January 4, 2012 order, it is the intention of the rules committee to protect the mental impressions and legal theories of a party's *attorney*, not its expert. Thus, notes, outlines, lists, letters and memoranda prepared by an expert or non-attorney concerning or relating to draft expert reports are not protected and must be disclosed. *See In re Republic of Ecuador*, No. 12-mc-00008 GSA, 2012 WL 487158, at *2 (E.D. Cal. Feb. 14, 2012). However, notes and memoranda prepared by attorneys in preparation of litigation are protected work product and shall not be produced. *See In re Application of Republic of Ecuador*, 280 F.R.D. 506, 513 (N.D. Cal. 2012). Furthermore, actual drafts of expert reports, whether authored by Bjorkman or his co-authors

4

or staff, are protected and need not be produced. *Id.* at 512. Accordingly, Respondents must revise their privilege log in accordance with this order and produce notes, memoranda, lists, letters and outlines of or relating to draft expert reports that are drafted by non-attorneys (including experts) to the Petitioners within five business days of the date of this order. Any documents Respondents continue to withhold under this category of "draft reports" must be produced to the Court *in camera*, together with a written explanation for withholding the document and a copy of the revised privilege log, within five business days of the date of this order.[1]

With respect to communications involving testifying experts, only those communications between Bjorkman or his staff and the Respondents' counsel are protected. *Id.* at 514. Conversely, communications among Bjorkman, his staff and any non-attorneys (including experts) are not protected, even if an attorney is copied on the communication. *Id.* at 515. To the extent a communication is not directly between Bjorkman, his staff and counsel for Respondents, and contains no theories or mental impressions of counsel, it must be produced. Therefore, Respondents must revise their privilege log in accordance with this order and produce copies of all communications between or among non-attorneys (including experts) that contain no theories or mental impressions of counsel, regardless of whether counsel is copied on or addressed within the communication. Any documents Respondents continue to withhold under this category of "email" must be produced to the Court *in camera*, together with a written explanation for withholding the document and a copy of the revised privilege log, within five business days of the date of this order.

With respect to Petitioners' contention that Respondents have "changed" the descriptions

---

[1] The Court concludes *in camera* review of the challenged documents is appropriate under the circumstances here and, thus, denies Petitioners' alternate request for production pursuant to Fed. R. Evid. 502.

of documents listed on the privilege log to fit within the Court's January 4, 2012 order, the Court concludes that many such changes were likely the result of the Court's order to amend the existing privilege log and any other changes should be remedied by this order. However, to the extent that Respondents have "added" documents to their latest revised privilege log, the Court concludes that an explanation is in order; therefore, Respondents are ordered to submit a written explanation regarding those documents identified by the Petitioners in their supplemental brief under Section VIII (docket #120 at 6) within five business days of the date of this order.

Therefore, in accordance with this Court's January 4, 2012 order and subsequent persuasive case law cited herein, the Court grants Petitioners' motion in part to compel Respondents to produce certain documents concerning draft reports and certain communications containing no attorney theories or mental impressions as described herein. Petitioners' motion is denied in part as to documents properly withheld, such as drafts of expert reports, memoranda and notes prepared by counsel, and direct communications between Bjorkman, his staff and counsel.

## Conclusion

Accordingly, the Petitioners' Motion to Compel Chevron Corporation and Bjorn Bjorkman to Produce Documents [filed November 19, 2012; docket #106] is **GRANTED IN PART AND DENIED IN PART** as set forth herein. Respondents are ordered to produce the following within five business days of the date of this order:

1. Notes, memoranda, lists, letters and outlines of or relating to draft expert reports that are drafted by non-attorneys (including experts) must be produced to the Petitioners. Copies of any documents Respondents continue to withhold under this category of "draft reports" must be produced to the Court *in camera*, together with a written explanation for withholding the document and a copy of the revised privilege log.

6

2. Copies of all communications between or among non-attorneys (including experts) that contain no theories or mental impressions of counsel, regardless of whether counsel is copied on or addressed within the communication. Any documents Respondents continue to withhold under this category of "email" must be produced to the Court *in camera*, together with a written explanation for withholding the document and a copy of the revised privilege log; and

3. A written explanation regarding the addition of new documents on the latest revised privilege log, as identified by the Petitioners in their supplemental brief under Section VIII (docket #120 at 6).

Dated and entered at Denver, Colorado, this 3rd day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge