IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01470-WYD-MEH

THE REPUBLIC OF ECUADOR, and
DIEGO GARCIA CARRION, Dr., the Attorney General of the Republic of Ecuador,

    Petitioners,

v.

BJORN BJORKMAN,

    Respondent.

CHEVRON CORPORATION,

    Interested Party.

## ORDER RE: *IN CAMERA* REVIEW

**Michael E. Hegarty, United States Magistrate Judge.**

In accordance with this Court's January 3, 2013 order [docket #121] granting in part and denying in part the Petitioners' Motion to Compel Chevron Corporation and Bjorn Bjorkman to Produce Documents [docket #106], the Respondents Bjorn Bjorkman and Chevron Corporation provided to the Court copies of all documents listed on Respondents' Fifth Revised Privilege Log and Redaction Log on January 10, 2013. The Court has reviewed the documents and makes the following findings.

As relevant here, and as set forth in this Court's January 4, 2012 and January 3, 2013 orders, only two categories of documents are protected in accordance with Fed. R. Civ. P. 26(b)(4)(B) and 26(b)(4)(C). The first category is drafts of expert reports or disclosures, and the second is direct communications between the attorney and the expert witness, unless the communication involves

compensation for the expert's study or testimony, facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed, or assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

First, because it is the intention of the rules committee to protect the mental impressions and legal theories of a party's *attorney*, not its expert, notes, outlines, lists, letters and memoranda prepared by an expert or non-attorney concerning or relating to draft expert reports are not protected and must be disclosed. *See In re Republic of Ecuador*, No. 12-mc-00008 GSA, 2012 WL 487158, at *2 (E.D. Cal. Feb. 14, 2012). However, notes and memoranda prepared by attorneys in preparation of litigation are protected work product and shall not be produced. *See In re Application of Republic of Ecuador*, 280 F.R.D. 506, 513 (N.D. Cal. 2012). Furthermore, actual drafts of expert reports, whether authored by Bjorkman or his co-authors or staff, are protected and need not be produced. *Id.* at 512.

With respect to communications involving testifying experts, only those communications between Bjorkman or his staff and the Respondents' counsel are protected. *Id.* at 514. Conversely, communications among Bjorkman, his staff and any non-attorneys (including experts) are not protected, even if an attorney is copied on the communication. *Id.* at 515. To the extent a communication is not directly between Bjorkman, his staff and counsel for Respondents, and contains no theories or mental impressions of counsel, it must be produced.

Mindful of these standards, the Court has reviewed *in camera* copies of the documents listed on the Respondents' Fifth Revised Privilege Log and Redaction Log and considered information provided by the Respondents in the privilege logs and in an appendix, including the identification of authors, recipients and copyees, and the subject matter of the reports and communications. With the exception of those documents listed below, the Court concludes the documents listed on

Respondents' Privilege and Redaction Logs are protected from disclosure by the attorney-client privilege and/or work product doctrines. On April 15, 2013, Respondents provided the Court certified translations into English of certain communications written in Spanish; thus, the Court was able to discern the content of all email communications. Moreover, by comparing purported draft reports to copies of the final reports, either filed in this case or provided by Respondents, the Court was able to determine that the documents were, indeed, draft reports.

However, the Court does not find protected the following documents: BAB PL000086 through BABPL000088, BAB PL000090, BAB PL00092 through BAB PL000101, BAB PL000103 through BAB PL000117, and BAB PL000120 through BAB PL000123. *See In re Republic of Ecuador*, 2012 WL 487158, at *2 (notes, outlines, lists, letters and memoranda prepared by an expert or non-attorney concerning or relating to draft expert reports are not protected and must be disclosed). Furthermore, BJORKMAN00054469 contains information that has been redacted, but which appears unredacted on the same document. Respondents are to produce copies of these documents on or before May 10, 2013.

With respect to the Court's order directing Respondents to submit a written explanation regarding those "added" documents identified by the Petitioners in their supplemental brief under Section VIII (docket #120 at 6), Respondents provided a copy of a November 7, 2012 letter explaining to Petitioners that Mr. Bjorkman had recently located the documents. The Court concludes such production is in accordance with Fed. R. Civ. P. 26(e).

Dated and entered at Denver, Colorado, this 26th day of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge